# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**OMAR FRANKLIN BARNES,**

    **Plaintiff,**

**vs.**                                                 **Case No. 4:17cv582-MW/CAS**

**SECRETARY JULIE JONES,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

On December 18, 2017, the pro se Plaintiff initiated this case by submitting a "verified emergency application for a temporary restraining order, and/or emergency application for a preliminary injunction." ECF No. 1. Plaintiff subsequently submitted a complaint, ECF No. 4, a verified motion for a temporary restraining order, ECF No. 5, and in forma pauperis motion, ECF No. 6. Plaintiff's motion has been granted in a separate Order entered this day. However, before those documents could be reviewed, Plaintiff also filed a notice of inquiry, ECF No. 7, address change notice, ECF No. 8, and motion for leave to amend his motion for a temporary

restraining order, ECF No. 9, which was accompanied by an amended motion for a temporary restraining order, ECF No. 10.

Plaintiff's notice of inquiry was filed in this case, ECF No. 7, but the document is not styled for this Court. That notice reveals Plaintiff has a case pending in state court and he is advised that his notice (which concerns service of process) was improperly filed in this case.

Plaintiff has not listed that case in his complaint, ECF No. 4, which requires prisoner litigants to list all other state and federal cases which relate to the fact or manner of the Plaintiff's incarceration. Plaintiff should have listed that case, and all other cases filed in state court.

Moreover, Plaintiff did not list several other cases previously filed in federal court, and he did not disclose the number of cases dismissed under 28 U.S.C. § 1915(g). Plaintiff listed four federal court cases and two state court cases in his complaint. ECF No. 4 at 4-7. He advised that one case, which was not fully identified, was dismissed for failure to state a claim. ECF No. 4 at 4. That information is not correct.

Plaintiff filed case number 3:09cv573-HES-TEM in the Middle District of Florida in June 2009. That case was dismissed on July 7, 2009, as frivolous for failure to state a claim by United States District Judge Harvey

Case No. 4:17cv582-MW/CAS

E. Schlesinger. ECF No. 7 of that case. Plaintiff provided some information about this case, ECF No. 4 at 4, although he did not provide the case number, and other identifying information. Based on the information Plaintiff disclosed, it does not appear that he was trying to conceal this case, but this case counts as one "strike."

Plaintiff filed case number 6:15cv329-GKS-GJK in the Middle District of Florida in March 2015. That case was dismissed on April 1, 2015, for failure to state a claim by United States District Judge G. Kendall Sharp. ECF No. 10 of that case. Plaintiff listed this case in his complaint as a prior case, although he did not clearly list this case in response to Question D of the complaint form (requiring identification of cases dismissed as frivolous, malicious, failing to state a claim, or prior to service). *Id.* at 4-5. That case marks Plaintiff's second "strike" under 28 U.S.C. § 1915(g).

Plaintiff also did not list the following federal civil rights cases in his complaint: (1) case number 4:07cv199, filed in the Northern District and transferred to the Middle District; (2) case number 3:07cv704, filed in the Middle District on August 2, 2007; and (3) case number 3:07cv725, filed in the Middle District on August 8, 2007. Furthermore, Plaintiff did not list three additional habeas cases which he filed: (1) case number 4:07cv197,

filed in Northern District of Florida; (2) case number 3:09cv360, filed in the Northern District of Florida; and (3) case number 3:08cv341, filed in the Middle District of Florida.  Those cases should have been disclosed, as well as his habeas case which was transferred to a federal court in Texas.

Although a prisoner complaint *may* be dismissed for failure to honestly disclose all prior litigation, it is not necessary to dismiss this case because another reason is apparent from the face of the complaint.  That reason mandates dismissal.

When Plaintiff's case initiating documents were reviewed, Plaintiff indicated that he did "not have the available time frame to exhaust his remedies prior to seeking a § 1983 civil rights complaint."  ECF No. 1 at 5.  Attachments to the initial motion revealed Plaintiff had submitted informal grievances and formal grievances, but he had not completed the final step of the grievances process.  ECF No. 1 at 14-20.

An Order was entered on December 22, 2017, ECF No. 3, advising Plaintiff that the Prison Litigation Reform Act requires exhaustion of administrative remedies prior to filing a federal lawsuit.  ECF No. 3 (citing

42 U.S.C. § 1997e).[1] The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA," Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), but the exhaustion requirement of § 1997e(a) is a mandatory, pre-condition to suit and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted <u>prior</u> to filing. Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see also Porter v. Nussle, 534 U.S. 516, 524–25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). Despite directing Plaintiff to "carefully consider whether this case [had] been filed prematurely," and despite directing Plaintiff to voluntarily dismiss this case if he conceded that it was prematurely filed, Plaintiff filed a complaint, ECF

---

[1] The statute provides that "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Case No. 4:17cv582-MW/CAS

No. 4, supported by several attachments which demonstrates that Plaintiff did not exhaust administrative remedies prior to case initiation.

One of Plaintiff's attachments to the complaint reveals Plaintiff submitted a grievance appeal to the Secretary of the Florida Department of Corrections on or about December 7, 2017.  ECF No. 4 at 17.  That appeal was denied on December 26, 2017.  *Id.* at 18.  Because this case was initiated on December 18, 2017, prior to Plaintiff's receipt of the grievance appeal response, his claim was not yet fully exhausted.  Therefore, this action must be dismissed pursuant to 42 U.S.C. § 1997e(a).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 4, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all pending motions be denied as moot, and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 28, 2018.

  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**